U. S. DISTRICT COURT
N. D. OF N. Y.
FILED

MAY 1 0 2005

AT _____ O'CLOCK ____M
LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERALD R. DION, SR.,

            Plaintiff,

vs.                                    6:04-CV-0548

CITY OF UTICA, NEW YORK and PTLM. R.
WEHRLE, JR., Acting in His Capacity as a Police
Officer of the City of Utica, New York,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                 OF COUNSEL:

GERALD R. DION, SR.
Plaintiff, *pro se*
26 Greenwood Court
Utica, NY 13501

OFFICE OF CORPORATION COUNSEL          JOHN P. ORILIO, ESQ.
For the City of Utica, New York
Attorney for Defendants
One Kennedy Plaza
Utica, New York 13502

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

On May 17, 2004, plaintiff Gerald R. Dion, Sr. ("Dion") commenced the instant action against defendants the City of Utica ("Utica"), Patrolman R. Wehrle, Jr. ("Officer Wehrle"), acting in his capacity as a Utica police officer, and the Utica Public Safety Commissioner Cornell Maye ("Maye"). Plaintiff filed an amended complaint on June 10, 2004, claiming defendants were liable for damages under 42 U.S.C. § 1983 for the alleged

violation of his right to due process and equal protection of the law. On November 12, 2004, plaintiff stipulated to discontinue, with prejudice, all claims against Maye. The remaining defendants move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Plaintiff opposes.

## II. FACTS

Although the underlying facts surrounding this case are subject to some dispute, for purposes of this motion for summary judgment, plaintiff's version of the facts is credited as follows. On or about May 14, 2001, Michael A. Scalzo ("Scalzo") filed an Information/Complaint ("Complaint") with Officer Wehrle of the Utica Police Department. (Am. Compl. Ex. A). In the Complaint, Scalzo alleged that about a week earlier, plaintiff threatened him with a large pair of hedge trimmers after he went to plaintiff's residence to speak with his son about a larceny that occurred the prior evening. Id. Relying solely on the information in the Complaint and without conducting any further investigation, Officer Wehrle submitted the Complaint to Utica City Court where Judge John Balzano issued a warrant authorizing plaintiff's arrest. (Am. Compl. ¶ 9; Orilio Aff. Supp. Summ. J. ¶ 2). On May 17, 2002, plaintiff was arrested on the charge of Menacing in the Second Degree (Am. Compl. ¶ 7, 9). The disposition of the case resulted in an Adjournment in Contemplation of Dismissal. (Am. Compl. ¶ 15).

Plaintiff claims that Utica has an unconstitutional policy where the Utica Police Department obtains arrest warrants on the sole complaint of one witness without further investigation, abrogating the discretion of the police to make an initial determination as to whether the complaint has any merit, and whether it should be forwarded to court for an arrest warrant. (Pl.'s Mem. Opp'n Summ. J. at 1). He maintains that this policy violated his

due process and equal protection rights guaranteed under the United States Constitution as it "subjected him to arrest regardless of the circumstances alleged in the complaint," and forced him to prove his innocence. (Pl.'s Mem. Opp'n Summ. J. at 1). In other words, plaintiff maintains that Officer Wehrle should not have accepted Scalzo's uncorroborated Complaint or, at the very least, should have initiated an investigation to substantiate the allegations in the Complaint before forwarding it to court for an arrest warrant. Since Officer Wehrle failed to do so, and plaintiff was arrested as the result, he contends that such a policy violates his constitutional rights. (Pl.'s Mem. Opp'n Summ. J. at 1). Finally, plaintiff argues that his arrest, pursuant to the allegedly unconstitutional policy, caused him "to suffer public humiliation, emotional pain and suffering, and the expense of defending himself against charges filed against him," and therefore, his entitlement to damages under 42 U.S.C. § 1983. (Am. Compl. ¶ 16).

Defendants respond that plaintiff's claim is defective as a matter of law since plaintiff cannot establish that his "injuries or damages were caused by any unconstitutional policy, practice, or procedure adopted or ratified by the City of Utica." (Orilio Aff. Supp. Summ. J. ¶ 5). Additionally, defendants maintain that plaintiff's claims, to the extent that they allege false arrest and imprisonment and malicious prosecution, must also be dismissed. (Def.'s Mem. Supp. Summ. J. at 6-9). Alternatively, defendants maintain that Officer Wehrle is entitled to qualified immunity and, therefore, all claims against him should be dismissed.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment under Rule 56 is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party has the burden of demonstrating the absence of any disputed material facts, and the court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990). However, "the movant does not necessarily have to negate every one of the nonmovant's claims, but rather, has only to show that there is an absence of evidence to support the nonmovant's case." Judge v. New York, 785 F. Supp. 366, 370 (S.D.N.Y. 1992) (citing Celotex, 477 U.S. at 325)).

Where "the summary judgment movant satisfies its initial burden of production, the burden of proof shifts to the nonmovant who must demonstrate that a genuine issue of fact exists for trial." Lundina v. City of New York, No. 95 CV 4409, 1998 WL 846813, at *2 (E.D.N.Y. Oct. 5, 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). A genuine issue of material fact exists "if there is sufficient evidence favoring the nonmovant such that a jury could return a verdict in its favor." Id. Furthermore, rather than "simply show[ing] that there is some metaphysical doubt as to the material facts," the nonmoving party "must go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 596; Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56). After the nonmovant has shown evidence of a genuine issue of material fact, its "'allegations [will be] taken as true, and [it] will receive the benefit of the doubt when [its] assertions conflict with those of the movant.'" Lundina, 1998 WL 846813, at *2 (quoting Samuels v. Mockry, 77 F.3d 34, 36 (2d Cir. 1996)).

## IV. DISCUSSION

Pro se plaintiff claims that defendants, acting "under color of any statute, ordinance, regulation, custom, or usage, of [New York] State, . . . subject[ed] . . . [plaintiff] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." See 42 U.S.C. § 1983. Specifically, plaintiff claims that Utica's policy under which he was arrested violates his Fourteenth Amendment rights, or his due process and equal protection rights. (Am. Compl. ¶ 13). However, defendant classifies plaintiff's allegations as a municipal liability claim against Utica for its allegedly unconstitutional policy and claims for false arrest and imprisonment and malicious prosecution against Officer Wehrle. (Def.'s Mem. Supp. Summ. J. at 3-9). Since plaintiff does not allege a violation of his Fourth Amendment rights,[1] his Fourteenth Amendment claim will be the only claim addressed.

Additionally, because plaintiff was arrested pursuant to a warrant issued by a judicial officer, there is a presumption that probable cause existed for his arrest. See Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991). Therefore, the existence of probable cause is not an issue and need not be addressed.

In an action brought under 42 U.S.C. § 1983, a municipality may not be held liable for the "actions alleged to be unconstitutional by its employees below the policymaking level on the basis of *respondeat superior*." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). However, a section 1983 claim may be brought against a municipality where a "policy or custom" of the municipality deprived the plaintiff of his constitutional rights. Monell, 436 U.S. at 690-91. In

---

[1] Plaintiff alleges neither false arrest and imprisonment nor malicious prosecution.

order for a governmental entity to be liable, the plaintiff must show that an identified municipal practice or policy was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694.  In doing so, the plaintiff must plead facts which show that the City or departmental policy or custom directly caused the plaintiff's constitutional rights to be violated.  Greene v. Brown, 535 F. Supp. 1096, 1099 (E.D.N.Y. 1982) (citing Dominguez v. Beame, 603 F.2d 337, 341 (2d Cir. 1979)).

As stated above, plaintiff alleges that "the present policy of the city of Utica police department to obtain a warrant based upon a complaint being filed on the sole accusation of one witness without investigation" is unconstitutional.[2]  (Am. Compl. ¶ 13).  However, "[i]f found to be sufficient on its face, the misdemeanor complaint *alone* may serve as the basis for issuing an arrest warrant . . . and the requirement for factual allegations of an evidentiary character establishing reasonable cause should be assessed in that light." People v. Dumas, 68 N.Y.2d 729, 731 (N.Y. 1986) (emphasis added).  Therefore, if Scalzo's Complaint qualifies as "sufficient on its face," then Officer Wehrle's decision to forward it to court for an arrest warrant, based on the sole accusations in the Complaint and without conducting further investigation, does not violate plaintiff's constitutional rights.

New York Criminal Procedure Law sections 100.40(1) and 100.15 "prescribe the requisites necessary for an information to be 'valid on its face.'" Ippolito v. Meisel, 958 F. Supp. 155, 164 n.8 (S.D.N.Y. 1997).  Section 100.40(1) provides that an information is

---

[2] It is worth noting that plaintiff's reliance on Meyers v. County of Orange to support his position is misplaced.  See 157 F.3d 66 (2d Cir. 1998).  In Meyers, the court held that the policy implemented by a police department of refusing to accept cross-complaints in criminal cases was unconstitutional.  Here, unlike in Meyers, the Utica Police Department has no policy forbidding officers from accepting cross-complaints.  Nor has plaintiff alleged that any such policy exists.

"sufficient on its face" when (1) it "substantially conforms to the requirements prescribed in section 100.15"; (2) the factual information provides "reasonable cause to believe that the defendant committed the offense charged"; (3) "non-hearsay allegations of the factual part of the information . . . establish, if true, every element of the offense charged and the defendant's commission thereof." N.Y. Crim. Proc. L. § 100.40(1).

First it must be determined whether the Complaint at issue substantially conforms to the requirements set forth in section 100.15.[3] N.Y. Crim. Proc. L. § 100.40(1)(a). An inspection of the Complaint reveals that it is "subscribed and verified" by a complainant, Scalzo, who, claiming to be the victim, had personal knowledge of the "commission of the offense . . . charged." See N.Y. Crim. Proc. L. § 100.15(1). Additionally, it contains "an accusatory part and a fact part." See id. The accusatory part designates that plaintiff was charged with menacing in the second degree, a class A Misdemeanor. See N.Y. Crim. Proc. L. § 100.15(2). Finally, Scalzo clearly sets forth facts supporting his accusations that plaintiff placed him in fear of personal injury.[4] As such, the fact part contains "a statement of the complainant alleging facts of an evidentiary character supporting . . . the charges." See N.Y. Crim. Proc. L. § 100.15(3). Therefore, the Complaint meets the threshold requirement for

---

[3] Section 100.15 provides, in relevant part, that (1) "[a]n information . . . must specify the name of the court with which it is filed and the title of the action, and must be subscribed and verified by a person known as the "complainant." The complainant may be any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged. Each instrument must contain an accusatory part and a fact part. The complainant's verification of the instrument is deemed to apply only to the factual part thereof and not to the accusatory part.
(2) The accusatory part must designate the offense or offenses charged . . . .
(3) The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges . . . ."

[4] Scalzo stated in his Complaint that "Mr. Dion [plaintiff] opened the screen door and reached over and grabbed a large pair of hedge trimmers and said, 'it's time you leave before I cut you [sic] balls off and make a fagot out of you.' Mr. Dion raised the hedge trimmers in the air and came towards me as I was walking away as I was in fear of physical injury." (Am. Compl. Ex. A).

being "sufficient on its face" as it "substantially conforms to the requirements prescribed in section 100.15." See N.Y. Crim. Proc. L. § 100.40(1)(a).

Next, it must be determined whether the factual information in the Complaint provides "reasonable cause to believe that the defendant committed the offense charged." See N.Y. Crim. Proc. L. § 100.40(1)(b). "The New York standard of reasonable cause is substantially the same as the federal Fourth Amendment standard of 'probable cause.'" Roberts v. New York, 753 F. Supp. 480, 483 (S.D.N.Y. 1990) (citing Wong Sun v. United States, 371 U.S. 471, 478 n.6 (1963); United States ex rel. Gonzales v. Follette, 397 F.2d 232, 234 n.21 (2d Cir. 1968)).

It is well settled that where "[a]n arresting officer [is] advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, [the arresting officer] has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."[5] Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (citing Hebron v. Touhy, 18 F.3d 421, 422-23 (7th Cir. 1994)); Miloslavsky v. AES Engineering Soc., Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992)). "The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed." Miloslavsky, 808 F. Supp. at 355 (citing Adams v. Williams, 407 U.S. 143, 146-47 (1972)).

Several cases have commented on this principle. In Johnson v. Montalvo, No. CV-91-1793 (CPS), 1992 WL 403404 (E.D.N.Y. Dec. 24, 1992), plaintiff was arrested after a taxi driver filed a complaint alleging that plaintiff had robbed him. Id. at *1. Plaintiff then

---

[5] Although Officer Wehrle did not arrest plaintiff, he did effect an arrest warrant by forwarding the Complaint to court for an arrest warrant. His decision to do so was based upon Scalzo's signed complaint alleging that he was the victim of a crime committed by plaintiff.

brought a civil rights action, pursuant to 42 U.S.C. § 1983, and alleged false arrest against defendants New York City Police Department and the arresting officer. Id. Although the court dismissed the action as barred by the applicable statute of limitations, it went on to state that even if plaintiff's complaint were timely, it would be dismissed because probable cause is a complete defense to a false arrest claim. Id. The court continued:

> To determine whether probable cause exists, a court must look to the totality of the circumstances to ascertain whether the informant is reliable and has a sound basis of knowledge. Illinois v. Gates, 462 U.S. 213, 238-39 (1983). Information coming from a citizen acting as an eyewitness -- particularly the victim -- is presumed reliable and meets the Gates standard for probable cause. Adams v. Williams, 407 U.S. 143, 147 (1972); Greene, [535 F. Supp. at 1101].

Id. Similarly, in Greene, where the plaintiff claimed that the detectives who arrested her could not rely on the victim's hearsay statements to establish probable cause, the court stated:

> Insofar as Mary Edwards was the victim with an eyewitness account of the very crime she had reported to the police, the police were entitled to rely on her word. If she was lying, the plaintiff's remedy is a tort suit against Mrs. Edwards, not the police. The veracity of citizen complaints who are victims of the very crime they report to the police is therefore assumed. Adams v. Williams, 407 U.S. 143, 146-47 (1972); United States v. Rueda, 549 F.2d 865, 869 (2d Cir. 1977). As Judge Friendly noted in United States v. Miley, 513 F.2d 1191, 1204 (2d Cir. 1975) to require a showing of previous reliability of . . . a victim or witness (would) . . . make his information totally unavailable, despite the peculiar likelihood of its accuracy. Id.

Greene, 535 F. Supp. at 1101.

Also, in People v. Hicks, 38 N.Y.2d 90 (N.Y. 1975), which involved a claim that probable cause did not exist for the issuance of a search warrant where the police officer who applied for the warrant relied entirely upon the sworn statement of a private citizen, the court pointed out that there are adequate safeguards against the rendition of false

information. <u>Id</u>. at 94. It stated that the affidavit on its face contained a warning that giving a false statement constituted a violation of the Penal Law. <u>Id</u>. Furthermore, "the threat of possible prosecution in this case was not an empty gesture, as the police had the informant's name and address, and could track the informer down if necessary." <u>Id</u>.

In the instant case, since the factual information in the Complaint came directly from the victim, Scalzo, it is presumed reliable and Officer Wehrle was entitled to rely on his word. <u>See</u> <u>Johnson</u>, 1992 WL 403404, at *1; <u>Greene</u>, 535 F. Supp. at 1101. Furthermore, the Complaint included a warning, written in bold capital letters directly above the line designated for the complainant's signature, that giving a false statement would result in criminal prosecution.[6] Similar to <u>Hicks</u>, this warning "was not an empty gesture" as the police had Scalzo's name and presumably some form of contact information. <u>See</u> 38 N.Y.2d at 94. Therefore, the Complaint satisfies section 100.40(1)(b) as the factual information therein was sufficient to provide Officer Wehrle with "reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information." <u>See</u> N.Y. Crim. Proc. Law § 100.40(1)(b).

Finally, it must be determined whether "non-hearsay allegations of the factual part of the information . . . establish, if true, every element of the offense charged and the defendant's commission thereof." N.Y. Crim. Proc. L. § 100.40(1)(c). First, Scalzo's accusations in the factual part are based on his personal first-hand experience with plaintiff and are therefore "non-hearsay allegations." <u>See id</u>. Second, those allegations charged

---

[6] The Complaint states "I HAVE READ THE FOREGOING AND UNDERSTAND THAT FALSE STATEMENTS HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK."

plaintiff with the offense of Menacing in the second degree in violation of New York Penal Law section 120.14.[7]

While not directly on point, Mason v. Town of New Paltz, 103 F. Supp. 2d 562 (N.D.N.Y. 2000), sheds light on the issue of whether the Complaint includes factual allegations sufficient to satisfy section 100.40(1)(c).[8] In Mason, the plaintiffs were arrested, based primarily upon the sworn information of a bar owner, and charged with trespassing. See 103 F. Supp. 2d at 564. Plaintiffs maintained it was the police department's policy to engage in arrests and detentions without probable cause. Id. In response to defendant's motion for summary judgment on that issue, plaintiffs argued that the accusatory instrument was facially invalid, creating a question of fact concerning whether the police officers had probable cause to arrest them. Id. at 566. Defendant relied on the information, affirmed by the bar owner under penalty of perjury, to meet its burden of establishing probable cause for the arrests. Id. The court held that the conclusory allegations of the information, without more, were insufficient to constitute probable cause to arrest plaintiffs. Id. at 567.

In Mason, the court reasoned that the information lacked factual information, such as "whether the bar was open or closed, whether plaintiffs had been asked to leave but refused to do so, whether they had been prohibited from entering but had forced their way in, etc." Id. at 566-67. However, unlike in Mason, where the complaint merely set forth the

---

[7] N.Y. Penal Law § 120.14 states that "[a] person is guilty of menacing in the second degree when: (1) He or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machines gun or other firearm."

[8] Although Mason involved a warrantless arrest, in making the arrest the officers relied primarily on the sworn information of the victim in order to establish probable cause to make the arrest. Similarly, in the instant case, Officer Wehrle relied solely on the sworn complaint of Scalzo, the victim of the alleged crime, in forwarding it to the court. The court ultimately found that probable cause had been established and therefore issued an arrest warrant.

name of the complainant, that he was empowered by the bar, the bar's location, the time and date of the violation, that the offense occurred at the bar, and language used in the definition for the offense charged in the N.Y. Penal Law, the Complaint in the instant case includes much more. See id. at 566. In addition to background information surrounding the incident, Scalzo made factual allegations against plaintiff which amounted to the charge of Menacing in the second degree.[9] If such allegations are taken as true, they are sufficient to establish "every element of the offense charged and the defendant's commission thereof." N.Y. Crim. Proc. Law § 100.40(1)(c).

As the standard set forth in N.Y. Crim. Proc. L. § 100.40 has been met, the Complaint filed against plaintiff must be considered "sufficient on its face." As such, the Complaint could alone serve as the basis for issuing an arrest warrant and the fact that Officer Wehrle forwarded the complaint to court without conducting further investigation is rendered irrelevant, and is certainly not unconstitutional. Plaintiff has failed to show that the Utica Police department's policy of obtaining an arrest warrant based upon a complaint filed on the sole accusation of one witness without investigation is unconstitutional. (Am. Compl. ¶ 13). Therefore, he may not recover under § 1983 and his claim for municipal liability must be dismissed.

## V. CONCLUSION

Defendants have demonstrated that no genuine issues of material fact exist as the Complaint filed against plaintiff was "sufficient on its face" and, therefore, adequate to serve

---

[9] Scalzo alleged that plaintiff raised a large pair of hedge trimmers in the air and came towards him placing him in fear of physical injury. (Am. Compl. Ex. A).

as the sole basis for an arrest warrant. See N.Y. Crim. Proc. L. § 100.40(1); Dumas, 68 N.Y.2d at 731.

Accordingly, it is

ORDERED that

1. Defendants the City of Utica and Patrolman R. Wehrle's motion for summary judgment is GRANTED; and

2. Plaintiff's amended complaint is DISMISSED in its entirety.

The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

United States District Court

Dated: May 9, 2005
       Utica, New York.